IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JAMES B. CATLEDGE and DEREK F.C. ELLIOTT,<br><br>　　　　Defendants.<br>_____ / | No. CR-12-0678 MMC<br><br>**ORDER RE: JACLINN PULLMAN'S MOTION FOR RELIEF UNDER CRIME VICTIMS RIGHTS ACT** |

Before the Court is the "Motion for Relief Under the Crime Victim's Rights Act 18 U.S.C. § 3771," filed March 13, 2014 by Jaclinn Pullman ("Pullman"), an asserted victim of the crimes with which the above-named defendants have been charged. The Government and defendant James B. Catledge ("Catledge") each filed a response to the motion.[1] Thereafter, Catledge filed a reply to the Government's response, and Pullman filed a reply to Catledge's response.[2] Having read and considered the above-referenced submissions, the Court rules as follows.

//

---

[1] To date, defendant Derek F.C. Elliott has not appeared in the case.

[2] Pullman's request for leave to file a reply is GRANTED. Although Catledge did not seek permission to file a reply, the Court nonetheless has considered it.

1 | At the outset, the Court addresses Catledge's argument that Pullman's motion
2 | should be stricken on the ground that she is not a "crime victim" for purposes of § 3771.
3 | Because the rights provided to a "crime victim" under § 3771(a)(1) include rights arising
4 | pre-judgment, at which time, as here, the defendant is presumed innocent, the Court looks
5 | to factors other than a conviction, such as whether the individual is alleged in the
6 | indictment to be a victim, is identified by the United States Attorney as a victim of the
7 | crime(s) charged, or is otherwise shown to be a victim of the crime(s) as allegedly
8 | committed. In this instance, although the indictment does not reference any victims by
9 | name, the United States Attorney has identified Pullman as a victim. In light of such
10 | acknowledgment, as well as the nature of the crimes charged, specifically, mail fraud
11 | arising from allegedly false statements made to investors in a resort, and Pullman's status
12 | as an investor in the subject resort, the Court finds Pullman is a "crime victim" for purposes
13 | of § 3771.

The Court next considers the four requests made in Pullman's motion.

First, to the extent the motion requests that a new hearing be conducted to consider whether Catledge should be released, which request the Court construes as a request for reconsideration of the Order Setting Conditions of Release and Appearance Bond, filed October 5, 2012 by Magistrate Judge Joseph C. Spero, the motion is hereby GRANTED, as follows. Pullman's request to submit a statement in writing, as opposed to appearing in person, is granted in light of Pullman's place of residence, and Pullman is DIRECTED to file, no later than April 18, 2014, any such written statement, which then will be referred to said Magistrate Judge for purposes of consideration thereof and, if appropriate, scheduling of a hearing at which Catledge will have the opportunity to be heard.

Second, to the extent the motion seeks an order allowing Pullman and all other victims to appear by video tele-conferencing at all future proceedings, the motion is hereby DENIED in light of certain practical considerations weighing against the adoption of such procedure in the instant case.

//

Third, to the extent the motion seeks an order providing Pullman with an opportunity to be heard at any hearing in which a plea agreement is considered, the motion is hereby GRANTED, and the United States Attorney is directed to inform Pullman as to the date of any proceeding at which it anticipates either defendant will enter a plea other than not guilty.

Fourth, and lastly, to the extent the motion seeks an order directing the United States Attorney to inform Pullman of the status of the "318B-SF-145752" investigation, the motion is hereby DENIED as moot, given that the United States Attorney, in its response to the instant motion, has advised Pullman of such status, specifically, that the above-referenced investigation resulted in the filing of the indictment in the above-titled criminal proceeding.

**IT IS SO ORDERED.**

Dated: March 27, 2014

MAXINE M. CHESNEY
United States District Judge