IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR-12-0678 MMC |
| Plaintiff, | **ORDER GRANTING MOTIONS OF JACLINN PULLMAN AND SUSAN BARBER FOR RELIEF UNDER CRIME VICTIMS' RIGHTS ACT; GRANTING MOTION OF FELY JAMILI FOR LEAVE TO BE REASONABLY HEARD IN OPPOSITION TO PLEA AGREEMENT; DIRECTIONS TO PARTIES** |
| v. | |
| JAMES B. CATLEDGE and DEREK F.C. ELLIOTT, | |
| Defendants. | |

Before the Court are three motions filed by asserted victims of the crimes with which the above-named defendants have been charged: (1) Jaclinn Pullman's ("Pullman") "Motion for Relief under the Crime Victim's Rights Act 18 U.S.C. § 3771," filed October 2, 2014; (2) Susan Barber's "Motion for Relief under the Crime Victim's Rights Act 18 U.S.C. § 3771 and to Adopt Crime Victim Rights Motion Filed by Jaclinn Pullman," filed October 15, 2014; and (3) Fely Jamili's ("Jamili") "Motion for Leave to be Reasonably Heard in Opposition to Plea Agreement Between the United States of America and Derek F.C. Elliott," filed October 27, 2014. The government has filed a response to Pullmans' motion, to which Pullman has replied, and defendant Derek F.C. Elliott ("Elliott") has filed a response to Jamili's motion,[1] to which Jamili has replied. Having read and considered the

---

[1] Elliott failed to provide the Court with a chambers copy of his response. Nonetheless, the Court has considered it. For future reference, Elliott is reminded that, pursuant to Criminal Local Rule 2-4, parties are required to provide for use in chambers one paper copy of each document filed with the Clerk.

above-referenced filings,[2] the Court rules as follows.

On August 27, 2014, Elliott entered, pursuant to a plea agreement, a plea of guilty to Count One of the indictment. In the three motions identified above, the asserted crime victims set forth their comments regarding various terms contained in the Plea Agreement.

Under 18 U.S.C. § 3771, crime victims have the "right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding." See 18 U.S.C. § 3771(1)(4). The Court construes the above-referenced three motions as requests to be heard at the time Elliott is sentenced on his plea, and, accordingly, hereby GRANTS the motions.[3] Specifically, the Court will consider the written comments made in the motions at the time the Court considers whether, in sentencing Elliott, to accept the Plea Agreement, and said crime victims need not appear in person at the sentencing to have their views considered.

Lastly, the Court notes that the government, in its response to Pullman's motion, has set forth its views as to her concerns regarding the terms of the Plea Agreement. In light of the large number of asserted crime victims, and to facilitate the orderly consideration of the views of crime victims that may be offered in connection with Elliott's sentencing, the Court hereby DIRECTS the government to set forth in a separate section of the sentencing memorandum, to be filed at the appropriate time in the future, its responses as to the views expressed by Pullman and any other crime victim whose position is known to the government. Similarly, in the event Elliott wishes to respond to the

---

[2] Defendant James Catledge ("Catledge") has filed a response to Pullman's motion, in which he sets forth his agreement with one of the arguments made by Pullman. Catledge is not a "crime victim" for purposes of § 3771(a)(4), however, and, consequently, has no right to be heard in connection with Elliott's sentencing. In any event, the issue addressed in Catledge's response is raised in his motion to dismiss the indictment, filed November 12, 2014, which motion is set for hearing on January 21, 2015.

[3] Elliott argues that Jamili's motion, which he characterizes as a "motion to re-open a plea," should be denied because the motion does not meet the statutory requirements for such a motion. Seee 18 U.S.C. § 3771(d)(5) (setting forth limited circumstances under which crime victim may file "motion to re-open a plea"). Jamili, however, does not contend the Court should not have accepted Elliott's plea, but, rather, that at the time of sentencing, Elliott should not be sentenced under certain terms of the Plea Agreement.

views expressed by any crime victim, Elliott is hereby DIRECTED to set forth such response in a separate section of his sentencing memorandum.

**IT IS SO ORDERED.**

Dated: November 21, 2014

_____
MAXINE M. CHESNEY
United States District Judge