BRIAN J. STRETCH (CABN 163973)
United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

ROBERT DAVID REES (CABN 229441)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    Robert.rees@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NO. CR 12-0678 MMC |
| Plaintiff, | ) ) | ORDER APPROVING **PARTIES' STIPULATION** ~~AND [PROPOSED] ORDER~~ **FOR THE DEPOSITION OF THOMAS UEHLI PURSUANT TO RULE 15 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE** |
| v. | ) ) | |
| JAMES B. CATLEDGE, | ) ) | |
| Defendant. | ) ) ) | |

        The United States of America and defendant James B. Catledge, by and through their undersigned counsel, hereby stipulate and agree as follows:

        1.     Federal Rule of Criminal Procedure 15(a)(1) provides, in pertinent part, that a "party may move that a prospective witness be deposed in order to preserve testimony for trial. The court may grant the motion because of exceptional circumstances and in the interest of justice." Rule 15(h) provides, "The parties may by agreement take and use a deposition with the court's consent." The government's motion of August 29, 2016, for a deposition of Thomas Uehli under Rule 15(a)(1) is superseded by this request, which is jointly made by the parties

pursuant to Rule 15(h).

2. Mr. Uehli is a material witness in this case. The government believes he is a percipient witness to the financial management of certain Derek Elliot entities at issue; the defense believes his expected testimony to be favorable to defendant Catledge's defense.

3. Mr. Uehli is a citizen and resident of Switzerland and is, therefore, outside the subpoena power of the Court. In addition, he has expressed, on multiple occasions, his reluctance to travel to the United States to testify in this case.

4. Should Mr. Uehli become available to testify at trial, the fact that he submits to a Rule 15 deposition would not bar him from testifying at trial.

5. A basis exists for the Court to find that, due to the exceptional circumstances articulated herein and from the pleadings already in the record, it is in the interest of justice, and would not be unfair to the defendant, that a deposition of Mr. Uehli be taken and that his testimony be preserved for potential use at trial or any other proceedings in this case.

6. Through the Swiss government, Mr. Uehli has indicated his willingness to travel to the United States and submit to a deposition during the week of April 17, 2017 if he receives written confirmation that he is not the target of an ongoing investigation and if he is guaranteed "safe passage," and the government is prepared to make those assurances. He has also expressed a willingness to travel to the United States for trial. The United States will pay for all appropriate costs associated with Mr. Uehli's travel to the United States for the proposed deposition along with all appropriate costs associated with his lodgings here.

7. The deposition will be conducted under oath with the assistance of German language interpretation and translation services. It will be recorded by stenographic and videographic means. The parties will evenly split and pay for all costs of the deposition, including costs of recording services, the transcript, interpretation, and translation services, while counsel for Catledge will arrange for and select those vendors in a total amount not to exceed $14,700.

8. As this is a joint request, defendant Catledge agrees to bear his own expenses relating to the deposition, including expenses of defense counsel.

1    9.   Defendant Catledge understands that he has a right to appear at the deposition and
2    that if he fails to appear, it shall be deemed a waiver of his right to appear and a waiver of any
3    objection to the taking and use of the deposition based on his right to appear.

WHEREFORE, the parties hereby move this Court for an order pursuant to Rule 15(h), as set forth in the attached Proposed Order, consenting to the taking of the deposition of Thomas Uehli, to commence on April 18, 2017, and to continue, if necessary, until 5:00 p.m. on April 20, 2017, at the Phillip Burton Federal Building, 450 Golden Gate Avenue, San Francisco, California.

Dated: January 13, 2017

          Respectfully submitted,

          BRIAN J. STRETCH
          United States Attorney


          _____/s_____
          ROBERT DAVID REES
          Assistant United States Attorney


          _____/s_____
          DAVID Z. CHESNOFF, Esq.
          RICHARD A. SCHONFELD, Esq.
          ROBERT Z. DeMARCO, Esq.
          CHESNOFF & SCHONFELD
          Attorneys for Defendant Catledge

**[~~PROPOSED~~] ORDER**

The United States of America previously moved this Court to order the taking of Thomas Uehli's deposition pursuant to Rule 15(a)(1) of the Federal Rules of Criminal Procedure. The parties now stipulate to the taking of this deposition under Rule 15(h). Upon review of the pleadings on this matter and consideration of the representations of counsel, the Court finds that due to exceptional circumstances it is in the interest of justice that the testimony of Thomas Uehli be taken and preserved for potential use at trial or other proceedings relating to this case. Accordingly,

IT IS HEREBY ORDERED that the government's motion (Dkt. 166) is hereby denied as moot.

IT IS FURTHER ORDERED that, pursuant to Federal Rule of Criminal Procedure 15, the deposition of Thomas Uehli shall commence at a mutually agreed-upon time on April 18, 2017, and continue until no later than 5:00 p.m. on April 20, 2017, at the Phillip Burton Federal Building, 450 Golden Gate Avenue, San Francisco, California.

IT IS FURTHER ORDERED that, pursuant to Federal Rule of Criminal Procedure 15, the deposition may be taken before any court reporter authorized to administer oaths in the Northern District of California, and shall be recorded by stenographic and videographic means. Pursuant to Rule 28 of the Federal Rules of Civil Procedure, such duly authorized court reporter is commissioned by this Court to take the depositions, and shall have the power to administer the oaths and take testimony. The videographer recording the depositions shall focus the recording device on the testifying witness and shall not distort the witness's demeanor or appearance.

IT IS FURTHER ORDERED that the witness shall be questioned first by government counsel, then cross-examined by the defendant's attorney on matters within the scope of the government's direct examination, and then questioned by government counsel on redirect examination on matters within the scope of the defendant's cross-examination. The defendant's attorney shall then be permitted to conduct a direct examination of the witness on matters pertinent to the defense's case, followed by cross-examination by government counsel on matters within the scope of the defense's direct examination, and then the defendant's attorney may conduct redirect examination on matters within the scope of the government's cross-examination. Any objections to the form of questions posed to the witness must be preserved at the time of the taking of the deposition in order to allow the questioning attorney to

1 rephrase the question and thereby address the objection.  Any other objections must be stated to be
2 preserved and the opposing party may either rephrase the question or continue and elicit an answer to
3 the question, with the objection to be resolved, if necessary, by the Court at a later time.  Either party
4 may seek admission of any portion of the deposition testimony at trial, regardless of which party posed
5 the question during the deposition.

6     IT IS FURTHER ORDERED that Mr. Uehli's deposition shall be conducted with the assistance
7 of German language interpretation and translation services.

8     IT IS FURTHER ORDERED that, pursuant to Federal Rule of Criminal Procedure 15, no further
9 notice by either party as to the time, place, and manner of the taking of the deposition shall be required
10 other than that already provided in the stipulation of the parties set forth.

11     IT IS FURTHER ORDERED that defendant James B. Catledge has a right to attend the
12 deposition, but if he chooses not to attend the deposition, such non-attendance shall be deemed a waiver
13 of both his right to attend and any objection, based on his right to attend, to the taking and use of the
14 deposition.

15     IT IS FURTHER ORDERED that the parties shall evenly split and pay for costs associated with
16 the deposition, including costs of recording services, the transcript, interpretation, and translation
17 services, while counsel for Catledge will arrange for and select those vendors in a total amount not to
18 exceed $14,700.  Mr. Uehli's reasonable travel, lodging, and subsistence costs to attend the deposition
19 shall be paid by the government.

20     IT IS FURTHER ORDERED that, because the parties are jointly requesting the taking of Mr.
21 Uehli's deposition, the defendant shall bear his own and his counsel's travel and subsistence expenses.

22     IT IS FURTHER ORDERED that the taking and use of the deposition shall be pursuant to
23 Federal Rule of Criminal Procedure 15, the stipulation of the parties, and any other stipulations of the
24 parties made before, during, or after the taking of the deposition.

25

26 Dated:   January 17, 2017

27

28                   Hon. MAXINE M. CHESNEY
                      United States District Judge